[Civ. No. 8742. Third Dist. Mar. 1, 1956.]

CHARLES CAREY et al., Appellants, v. MAL COOMBS et al., Respondents.

Mahan & Harland and Collis P. Mahan for Appellants.

Preston, Falk & Johnson and Harry W. Falk, Jr., for Respondents.

PEEK, J.—Plaintiffs appeal from a judgment that certain real property owned by them was subject to a written contract of sale of all fir timber and an oral extension thereof in favor of the defendant Coombs.

The record shows that plaintiffs contracted with the defendant Red Mountain Timber Company to sell to it all of the fir timber located on lands owned by them; that the contract further provided that title to the timber would pass upon payment of the purchase price in the sum of $4.500; and that purchasers would have three years, or until February 8, 1954, to harvest the timber, at which time all timber remaining on the property would revert to the sellers.

By various assignments the defendant Durable Plywood Company succeeded to the original purchaser's interest under the contract. During November, 1953, Coombs and Charles Carey discussed the possibility of extending the term of the contract. Coombs testified that he informed Carey he was interested in purchasing the contract from Durable Plywood provided Carey would give him an extension of time for the contract; that Carey accepted his offer of $600 for the extension; that he thereupon and in reliance upon such oral agreement gave Durable Plywood a check for $1,000 and a promissory note in the sum of $5,500 as consideration for the assignment to him of said contract; that on the same day he sent Carey a check for $600, went into possession and began falling timber. Carey admitted the offer but denied his acceptance. He returned the check and shortly thereafter instituted the present action for an injunction and damages.

Plaintiffs' attack upon the judgment appears to be that even if testimony relative to the oral extension of the written contract was admissible, it was insufficient to estop them from setting up the bar of the statute of frauds.

 Viewing the evidence as we must in the light most favorable to defendants, it appears that Carey knew that Coombs' proposed purchase of Durable Plywood's interest under the written contract depended upon his (Carey's) agreeing to an extension of time sufficient to enable Coombs to harvest the timber; that Coombs, in reliance upon Carey's oral promise to grant such extension, paid the Durable Plywood Company $6,500; and that within two or three days after consummation of that transaction Coombs restated to Carey the basis of the agreement which they had made. Such evidence was sufficient to estop plaintiffs from setting up the bar of the statute of frauds. (*Seymour* v. *Oelrichs,* 156 Cal. 782 [106 P. 88, 134 Am.St.Rep. 154].)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.